FILED

07 NOV -6 PM 3:46

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: [illegible] DEPUTY

Paul E. Smith, Cal. Bar No. 216644
LAW OFFICES OF PAUL E. SMITH
16870 West Bernardo Dr., Suite 400
San Diego, California 92127
Telephone: (858) 679-3396
Facsimile: (858) 630-4947
psmith@paulsmithlaw.com

Attorney for Plaintiff
MAJA PEPION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maja Pepion,<br>Plaintiff,<br>v.<br>Wolpoff & Abramson, L.L.P.,<br>Defendants. | '07 CV 2127 L (AJB)<br>Case No.:<br>COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES<br>DEMAND FOR JURY TRIAL |

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought by an individual consumer for defendant Wolpoff & Abramson, L.L.P.'s violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. (hereinafter, "state Act"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

3. Wolpoff & Abramson, L.L.P. (hereinafter, "Wolpoff") is a limited liability partnership headquartered in the state of Maryland. Wolpoff engages in substantial, continuous and systematic activities within the Southern District of California. Wolpoff purposefully and regularly attempts to collect debts allegedly owed by individuals residing within the Southern District of California. Wolpoff regularly avails itself of the California state courts located within the Southern District of California.

## FACTS

4. On or about November 25, 2005, Wolpoff sent a collection letter to Plaintiff Maja Pepion (hereinafter, "Plaintiff") with the same date. This letter stated Plaintiff owed a balance of $5,977.34 and "that if the matter remains unresolved ten (10) days from the date of this letter, litigation will be filed against you in the Superior Court of California."

5. On or about December 14, 2005, Plaintiff sent a dispute letter to Wolpoff that was received by Wolpoff on or about December 19, 2005 requesting validation of the alleged debt pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692g.

6. Also on or about December 14, 2005, Plaintiff spoke via telephone with an employee of Wolpoff identifying herself as "Audrey." Wolpoff's employee stated that there had already been an arbitration of the matter in November of 2003. Plaintiff informed the Wolpoff employee that she had no knowledge of the alleged arbitration or any agreement to arbitrate.

7. On or about December 15, 2005, Plaintiff sent a letter to Wolpoff that was received by Wolpoff on December 19, 2005 confirming the telephone conversation and again informing Wolpoff that she had no knowledge of any arbitration or any agreement to arbitrate.

8. On or about September 19, 2007, Wolpoff sent another collection letter to Plaintiff of the same date agains threatening "that if this matter remains unresolved ten (10) days from the date of this letter, litigation will be filed against you in the Superior Court of California." The current balance was listed in this letter as $5,977.34.

9. On or about September 21, 2007, an employee of Wolpoff contacted Plaintiff at her place of employment demanding payment of $5,977.34. Plaintiff informed the Wolpoff employee that no validation of the alleged debt was ever provided and that the alleged debt was beyond the statute of limitations. The employee said he "didn't think so."

10. On or about September 24, 2007, Plaintiff sent Wolpoff another dispute letter.

11. As a direct and proximate result of Defendants' actions, Plaintiff suffered actual damages including, but not limited to, financial harm, loss of productivity, anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, stress, and anger.

## FIRST CLAIM FOR RELIEF

## Violations of Federal Fair Debt Collection Practices Act

12. Plaintiff realleges and incorporates paragraphs 1 through 11 above as if fully set out herein.

13. Plaintiff is a "consumer" within the meaning of the FDCPA.

14. Defendant is a "debt collector" within the meaning of the FDCPA.

15. Defendant alleged that Plaintiff owed a "debt" within the meaning of the FDCPA.

16. Defendant violated the FDCPA, 15 U.S.C. §1692g, by continuing collection activities without responding adequately to a timely validation request.

17. Defendant violated the FDCPA, 15 U.S.C. §1692e(1), by giving the false impression that Defendants were affiliated with the United States Navy.

18. Defendant violated the FDCPA, 15 U.S.C. §1692e(2), by communicating a false impression of the character, amount, and/or legal status of the alleged debt.

19. Defendant violated the FDCPA, 15 U.S.C. §1692e(5), by threatening to take action that could not legally be taken and/or was not intended to be taken.

20. Defendant violated the FDCPA, 15 U.S.C. §1692e preface and e(10), by using false, deceptive, and/or misleading representations or mean in connection with attempted collection of the alleged debt.

21. Defendant violated the FDCPA, 15 U.S.C. §1692f preface, by using unfair and/or unconscionable means to attempt to collect the alleged debt.

22. Defendant violated the FDCPA, 15 U.S.C. §1692d, by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse Plaintiff in connection with the attempted collection of the alleged debt.

23. Defendant violated the FDCPA, 15 U.S.C. §1692c(a)(3), by contacting the Plaintiff's place of employment when Defendant knew or had reason to know that such calls were prohibited.

24. Defendant violated the FDCPA, 15 U.S.C. §1692c(c), by contacting Plaintiff after Plaintiff notified Defendant in writing that Plaintiff refuses wished Defendant to cease further communication by telephone.

25. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney fees.

**SECOND CLAIM FOR RELIEF**

**Violations of California Fair Debt Collection Practices Act**

26. Plaintiff realleges and incorporates paragraphs 1 through 25 above as if fully set out herein.

27. Plaintiff is a "debtor" within the meaning of the state Act.

28. Defendant is a "debt collector" within the meaning of the state Act.

29. The debt Defendant alleged is owed by Plaintiff was a "debt" and "consumer debt" within the meaning of the state Act.

30. Each and every violation of the FDCPA as described herein is a violation of the state Act.

31. As a result of the above violations of the state Act, the defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully pray that judgment be entered against Defendant for the following:

A. Actual damages in an amount to be determined by the jury;

B. Statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000 per violation of the FDCPA;

C. Statutory damages pursuant to Cal. Civ. Code §1788.30(b) in the amount of $1,000 per violation of the state Act;

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k and Cal. Civ. Code §1788.30(c);

E. For such other and further relief as may be just and proper.

Dated: November 2, 2007

LAW OFFICES OF PAUL E. SMITH

By: [signature]

PAUL E. SMITH
Attorney for Plaintiff
MAJA PEPION

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: November 2, 2007

LAW OFFICES OF PAUL E. SMITH

By: [signature]

PAUL E. SMITH
Attorney for Plaintiff
MAJA PEPION

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

FILED

07 NOV -6 PM 3:50

CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Maja Pepion

**DEFENDANTS**
Wolpoff & Abramson, L.L.P.

**(b)** County of Residence of First Listed Plaintiff: San Bernadino
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul E. Smith, 16870 W. Bernardo Dr., San Diego, CA 92127
(858) 679-3396

Attorneys (If Known)

07 CV 2127 L (AJB)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 USC 1692, et seq

Brief description of cause:
Violations of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 11/02/2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 144249 AMOUNT 350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

11/6/07

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144249 - SR**
*** * C O P Y * ***
**November 06, 2007**
**15:47:37**

**Civ Fil Non-Pris**
USAO #.: 07CV2127 CIV. FIL.
Judge..: M. JAMES LORENZ
Amount.: $350.00 CK
Check#.: BC#1148

**Total-> $350.00**

FROM: PEPION V. WOLPOFF & ABRAMSON
CIVIL FILING